IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MONICA REGINA HAWKINS,      ) | |
|           Plaintiff,            ) | |
|                                  ) | |
| v.                          ) | No. 3:16-CV-3412-L |
|                                  ) | |
| VERIZON,                    ) | |
|           Defendant.           ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

I.

Plaintiff filed this unspecified complaint on December 12, 2016. She is proceeding *pro se* and the Court has granted her leave to proceed *in forma pauperis*. The Court has not issued process pending judicial screening.

Plaintiff states she filled out a job application with Defendant Verizon, and that Verizon did not hire her even though she is qualified. She claims she was discriminated against because a local union typed a false letter against her.

II.

Plaintiff's complaint is subject to preliminary screening Under 28 U.S.C. § 1915(e). Under § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may

be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

III.

Plaintiff claims Verizon discriminated against her on the basis of a false letter from a local union. Plaintiff has failed to state the contents of the letter or explain how Verizon's failure to hire her violated any federal law. Plaintiff's complaint should be dismissed as frivolous.

IV.

The Court recommends that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e).

Signed this 13 day of February, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).